UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| CE RESOURCE, INC., dba NetCE,<br><br>            Plaintiff,<br><br>      v.<br><br>ELITE CONTINUING EDUCATION, INC., a Florida corporation, and ALPINE MANAGEMENT SERVICES III, LLC,<br><br>            Defendants. | CIV. NO. 2:15-01908 WBS AC<br><br>MEMORANDUM AND ORDER RE: PLAINTIFF'S MOTION TO LIFT STAY |

----oo0oo----

On May 17, 2016, this court stayed the present action pending determination of CE Resource, Inc.'s, dba NetCE, motion to dismiss, transfer, or stay the related and first-filed declaratory judgment action in the Southern District of Florida. (May 17, 2016 Order at 1 (Docket No. 41)); see also Jouria v. CE Resource, Inc. d/b/a CME Resource and NetCE, Civ. No. 15-61165 (S.D. Fla.). Presently before the court is NetCE's motion to

1

lift the stay for the limited purpose of seeking leave to file a Second Amended Complaint.  (Pl.'s Mot. to Lift Stay (Docket No. 42).)  Both defendants oppose.  (Docket Nos. 44, 45.)

"'The same court that imposes a stay of litigation has the inherent power and discretion to lift the stay.'" Digital Software Servs., Inc. v. Entm't Programs, Inc., Civ. No. 2:09-02763 TLN DAD, 2014 WL 5816929, at *3 (E.D. Cal. Nov. 7, 2014) (quoting Akeena Solar Inc. v. Zep Solar Inc., Civ. No. 09-05040 JSW, 2011 WL 2669453, at *2 (N.D. Cal. July 7, 2011)).  The court may lift the stay "'[w]hen circumstances have changed such that the court's reasons for imposing the stay no longer exist or are inappropriate.'" Id. (citation omitted).

This court stated in its May 17, 2016 Order that if the Southern District of Florida denies NetCE's motion to dismiss, transfer, or stay and decides to proceed with the declaratory judgment action, this court would consider whether the first-to-file rule necessitates a further stay, dismissal, or transfer of this action to the Southern District of Florida.  (May 17, 2016 Order at 2.)  Further, if the Southern District of Florida grants NetCE's motion and defers to this court, this court would provide NetCE with an opportunity to file a Second Amended Complaint and defendants an opportunity to respond.  (Id.)

Now, NetCE seeks to file a Second Amended Complaint prior to the Southern District of Florida's decision so that it can re-join Jassin Jouria as a defendant in this action.  (Pl.'s Mot. to Lift Stay at 2, 4.)  NetCE removed Jouria as a defendant pending resolution of his bankruptcy case, which has since been dismissed with prejudice.  NetCE contends that its motion to

2

dismiss, transfer, or stay is based in part on Jouria's status as a defendant in the present action and that the Southern District of Florida cannot make a decision on its motion "under the conditions in which it was filed" unless Jouria is re-joined as a defendant. (Id. at 3.) NetCE also seeks to make substantive revisions to clarify "areas of confusion" raised by opposing counsel in their prior motions to dismiss "[f]or the sake of efficiency." (Id.)

This court, however, found that it was most efficient for the court and the parties to stay the present action and explicitly provided that NetCE would have an opportunity to file a Second Amended Complaint after the Southern District of Florida issued its decision on NetCE's motion. (May 17, 2016 Order at 2.) The circumstances under which this court imposed its stay have not materially changed as the court was aware at the time of its decision that Jouria was not a party to the present action and that his bankruptcy case had been dismissed. Moreover, the Southern District of Florida has not yet ruled on NetCE's motion.[1]

NetCE has also failed to explain why joining Jouria is necessary for the Southern District of Florida to properly consider its motion. Just as it did during the May 16, 2016 hearing in this court, NetCE can explain to the Southern District of Florida the nature of the proceedings, the role Jouria

---

[1] On June 15, 2016, the Southern District of Florida lifted the automatic bankruptcy stay and ordered the parties to file a Joint Scheduling Report by July 20, 2016.

allegedly played, and the reasons why Jouria is not currently a defendant in the present action.

Moreover, if the court were to lift the stay and allow NetCE to file a Second Amended Complaint, defendants would be required to expend additional time and money filing an answer or response before receiving a ruling from the Southern District of Florida. Given that the present action may not proceed in this court, this would be an inefficient use of party resources and would defeat the purpose of this court's Order imposing a stay.

Accordingly, the court will deny NetCE's motion to lift the stay for the purpose of filing a motion for leave to amend.

IT IS THEREFORE ORDERED that plaintiff NetCE's motion to lift the stay (Docket No. 42) be, and the same hereby is, DENIED.

Dated: July 6, 2016

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE